UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS DECOLA,

    Plaintiff,

v.

STARKE COUNTY ELECTION BOARD,

    Defendant.

CAUSE NO. 3:20-cv-409 DRL-MGG

OPINION & ORDER

On May 19, Thomas DeCola, proceeding *pro se*, filed a preliminary injunction motion to enjoin an Indiana state court proceeding. A filing by an unrepresented party is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted). Mr. DeCola filed his motion without a complaint in violation of Fed. R. Civ. P. 3. Still, because he proceeds without a lawyer, the court will construe his motion favorably to him as both a preliminary injunction motion and a complaint for injunctive relief. *See Gebhart v. Wexford Med.*, 2019 U.S. Dist. LEXIS 204181, 1 (N.D. Ind. Nov. 25, 2019) (Leichty, J.). The court needs no response. *See* N.D. Ind. L.R. 65-1(a).

Mr. DeCola asserts federal and state constitutional claims. He says his due process and free election rights have been violated as a putative candidate and voter in the Republican Party primary to be held June 2, 2020 in Starke County. He declared his candidacy earlier this year for three offices in the primary election—Starke County Treasurer, Railroad Township Precinct Committeeman, and Republican State Convention Delegate (District 17). After challenges by the party chairman, the Starke County Election Board held a hearing, sustained the challenges, and struck him from the primary ballot. Mr. DeCola appealed to the Starke Circuit Court, then to the Indiana Court of Appeals. His appeals were dismissed.

Here, Mr. DeCola seeks to enjoin the state court proceedings under 28 U.S.C. § 2283—the Anti-Injunction Act. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* The statute's purpose is "to make the dual system of state and federal courts work without 'needless friction.'" *Zurich Am. Ins. Co. v. Superior Court for State of Cal.*, 326 F.3d 816, 824 (7th Cir. 2003) (quoting *Atl. Coast Line R.R. Co. v. Broth. of Locomotive Eng'rs.*, 398 U.S. 281, 286-87 (1970)).

Mr. DeCola brings this action under 42 U.S.C. § 1983—an "expressly authorized" exception to the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972). Congress "plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a 'suit in equity' as one of the means of redress." *Id.* at 242. Although his claim falls under one exception to the Anti-Injunction Act, the court must account for principles of equity, comity, and federalism in deciding whether to enjoin the state court proceeding. *See id.* at 243; *Zurich Am. Ins. Co.*, 326 F.3d at 824 (court "must still determine whether an injunction is an appropriate exercise of its authority").

Before analyzing the merits of this preliminary injunction motion, however, the court must first assess its jurisdiction. Federal courts have limited jurisdiction, and the court has an independent obligation to ensure jurisdiction exists. *See Lowrey v. Tilden*, 948 F.3d 759, 760 (7th Cir. 2020) (courts must "take[] jurisdictional issues seriously" and analyze each new filing as a "jurisdictional hawk").

The court's jurisdiction remains confined by Article III of the Constitution, which only authorizes federal judicial power over "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. A federal court cannot decide moot questions. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996); *Worldwide St. Preachers' Fellowship v. Peterson*, 388 F.3d 555, 558 (7th Cir. 2004). Even with preliminary injunction motions, mootness remains a "threshold jurisdictional question." *Id.* (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). Mr. DeCola says he wants an injunction "to stay [a] state court proceeding," but

no proceedings seem to be ongoing. Of course, he has control over whether he files for transfer before the Indiana Supreme Court. The state court proceedings otherwise appear to have concluded. As a matter of constitutional law, the court cannot stay a proceeding that no longer exists. *See id.*

That said, construing this preliminary injunction motion liberally, Mr. DeCola also seeks to suspend the state court judgment upholding the Starke County Election Board's decision. That issue isn't moot. Instead, the *Rooker-Feldman* doctrine precludes the court's review. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *see also Zurich Am. Ins. Co.*, 326 F.3d at 821 ("*Rooker-Feldman* doctrine is jurisdictional").

The *Rooker-Feldman* doctrine prohibits federal courts from reviewing state court decisions, recognizing that Congress has empowered only the United States Supreme Court to exercise appellate authority to reverse or modify a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005). The doctrine applies when the "state court's judgment is the source of the injury" about which a plaintiff complains in federal court. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). It precludes jurisdiction "over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016) (citing *Exxon Mobil*, 544 U.S. at 284). The doctrine applies to claims for damages and injunctive relief. *Swanson v. Indiana*, 23 F. Appx. 558, 559 (7th Cir. 2001).

For the doctrine to apply, the state court judgment must be directly challenged or "inextricably intertwined" with the federal court lawsuit. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390-91 (7th Cir. 2019). Cautious that the "inextricably intertwined" analysis might at times blur with preclusion doctrines, the court asks the doctrine's "vital question"—whether the plaintiff "seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). "A litigant dissatisfied with the decision of a state tribunal must appeal rather than file an independent suit in federal court." *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994). He cannot avoid *Rooker-Feldman* by casting his

3

complaint in the form of a civil rights or constitutional deprivation action. *See Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993).

Mr. DeCola directly challenges the underlying state court judgment. Indeed, he argues that the Indiana Court of Appeals issued an "abusive decision," that it lacked "substantial justice" in its decision-making, and that it "incompetently added an incorrect presumption." He says his constitutional rights "have been violated by a malicious comity of Indiana state [court] action." He filed a separate notice in state court indicating that he is averring "great, immediate, and irreparable loss" in federal court because of the state court action. He asks the court to enjoin and stay the Indiana state court proceedings and then alter their judgment by ordering the Starke County Election Board to reinstate his primary candidacy. The court lacks the authority to take such action in review of a state court judgment. *See Skinner v. Switzer*, 562 U.S. 521, 532-33 (2011); *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). Without jurisdiction, the court must deny the motion and dismiss this case.

The merits of the preliminary injunction motion would fare no better. To obtain injunctive relief, Mr. DeCola must demonstrate some likelihood of succeeding on the merits, irreparable harm without a preliminary injunction, and the absence of an adequate remedy at law. *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). Only when these three elements have been shown must the court consider "the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied" and "the public interest, meaning the consequences of granting or denying the injunction to non-parties." *Id.* at 11-12.

To establish a likelihood of success on the merits, Mr. DeCola must show that he has a "better than negligible" chance of success on the merits for his claim. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1096 (7th Cir. 2008). He has not met that burden here. He says he believes he is the victim of a civil conspiracy within the Indiana judiciary that has deprived him

4

of his rights and afforded him only sham proceedings. As presented today, the record belies that claim and lacks the requisite showing for such an extraordinary remedy as a preliminary injunction. *See Orr v. Shicker*, 953 F.3d 490, 502 (7th Cir. 2020). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Further restraining federal authority here is the United States Supreme Court's declaration that even though an injunction "*may* issue under the Anti-Injunction Act does not mean that it *must* issue." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988). Principles of equity, comity, and federalism favor the denial of an injunction against the state proceedings. *See Mitchum*, 407 U.S. at 243; *Younger v. Harris*, 401 U.S. 37, 45 (1971).

That leaves Mr. DeCola's motion to seal. Generally, "the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). That presumption can be overridden if the privacy interest of a litigant predominates in the particular case. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The movant must show good cause. *Id.* The court may not simply rubber stamp a motion to seal. *Id.* Mr. DeCola has not established good cause. Most all materials within his compilation of exhibits are public records already. The motion must be denied.

Though Mr. DeCola cannot proceed on this motion (construed also as his complaint), he may file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013). He may do so only if he can address the issues within this opinion and ensure the court's subject matter jurisdiction, appreciating the time sensitivity of the relief he seeks. Mr. DeCola has proven skilled in filing materials in state court and now here; but, if helpful, he may obtain a copy of the court's approved form – Civil Complaint (INND Rev. 8/16) – on the court's website to assist with any amended complaint he might choose to file.

Accordingly, the court DENIES Mr. DeCola's preliminary injunction motion (ECF 1) and DENIES his motion to seal (ECF 4). The court GRANTS Mr. DeCola until June 16, 2020 to file an

amended complaint, if he so desires, and CAUTIONS him that, if he chooses not to file an amended complaint or respond, this case will be dismissed without further notice because he cannot proceed in federal court based on the current pleading.

SO ORDERED.

May 26, 2020         *s/ Damon R. Leichty*
                     Judge, United States District Court