UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS DECOLA,

    Plaintiff,

    v.                                                                             CAUSE NO. 3:20-CV-409 DRL-MGG

STARKE COUNTY ELECTION BOARD,

    Defendant.

OPINION & ORDER

Thomas DeCola says the Starke County Election Board's decision to remove him from the Republican Party primary ballot in the 2020 election violated his Fifth and Fourteenth Amendment rights and Indiana constitutional rights and resulted from a conspiracy between the Board and the Republican county chairman to deprive him of those rights. He asks the court to order a special election with his name on the ballot along with punitive damages. He previously brought claims regarding his removal from the ballot in Indiana state court, which rejected them, though he says the Indiana judiciary violated his due process rights in doing so. The court dismisses his complaint because his claims regarding the Board's decision are barred by *res judicata* and the claim regarding the Indiana judiciary is merely conclusory and not plausible on this pleading.

BACKGROUND

The court construes Mr. DeCola's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In February 2020, Mr. DeCola declared his candidacy for three offices in the 2020 Starke County Republican Party primary election, all of which were challenged by Starke County Republican Chairman Dave Kesvormas (ECF 11 ¶ 1). After hearing from both sides, the Starke County Election Board upheld the challenges "on grounds of Gross Misconduct affecting the party organization" (ECF 11 ¶¶ 2-4; ECF 19-1). Mr. DeCola says the Board

conspired with Mr. Kesvormas to deprive him of his right to participate as a candidate in the election (ECF 11 ¶ 11).

Mr. DeCola appealed the decision to the Starke Circuit Court and requested reinstatement of his candidacy, but the court denied his request (ECF 11 ¶¶ 5-6). He then appealed to the Indiana Court of Appeals, but that court upheld the trial court's order in May 2020 (ECF 11 ¶¶ 7-9). He then filed a new case here requesting a preliminary injunction to stay the state court proceeding, which was denied on May 26, 2020 (ECF 1, ECF 9). He alleges that the Indiana judiciary conspired against him in these allegedly "sham" proceedings, thus violating his constitutional rights (ECF 1-1 at 3).

The 2020 Starke County Republican primary took place on June 2, 2020 (ECF 11 at 17). Because the primary has already taken place, Mr. DeCola now asks the court to order the Board to conduct a "special election" with him on the ballot along with damages (ECF 11 at 3). The Board moves to dismiss this case.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

DISCUSSION

There are two issues before the court: whether Mr. DeCola's claims are moot because the Republican primary has already been held and whether Mr. DeCola's claims are barred by *res judicata*.

His requests aren't moot. A case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *UVM Student Ass'n v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018). Though the primary has already been held and the court can't reinstate his candidacy in that election, he requests a special election, which is a forward-looking remedy that this court may order in limited circumstances. *Gjersten v. Bd. of Election Comm'rs for City of Chi.*, 791 F.2d 472, 478-80 (7th Cir. 1986). This special election request isn't moot. *See Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010) ("Invalidation of a past election can . . . be a viable remedy that will save a claim from mootness even if the election has passed."). He also requests an award of damages for the alleged constitutional violation, and damages are a viable remedy for a past constitutional violation, so this request doesn't appear to be moot. *See Brandt v. Board of Educ. of City of Chicago*, 480 F.3d 460, 465 (7th Cir. 2007).

Nevertheless, his claims against the Board are barred by *res judicata* (also known as claim preclusion). *Res judicata* says the judgment of a "state court sitting in an administrative review capacity will have preclusive effect on claims and issues brought in subsequent lawsuits according to the law of the state where the judgment was rendered." *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 634 (7th Cir. 2004). When determining whether *res judicata* applies, the court applies the preclusion law of the state that rendered the judgment—here, Indiana. *Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). Indiana has four elements for claim preclusion: "(1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and

3

(4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies." *Indianapolis Downs, LLC v. Herr*, 834 N.E.2d 699, 703 (Ind. Ct. App. 2005).

Claim preclusion bars Mr. DeCola's claims. First, Mr. DeCola originally brought his claim against the Board in Starke Circuit Court (ECF 19-1). The Starke Circuit Court is a court of competent jurisdiction. *See* Ind. Code § 33-28-1-2(a)(1) (circuit court has "original and concurrent jurisdiction in all civil cases").

Second, the state court's judgment was on the merits.[1] *See Creech v. Town of Walkerton*, 472 N.E.2d 226, 228 (Ind. Ct. App. 1984) (judgment is on merits if it is "based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends"). Mr. DeCola appealed the trial court's decision, and the Indiana Court of Appeals affirmed the trial court's ruling (ECF 11 ¶¶ 7, 9). That he disagrees with how those courts applied the law does not allow him to sidestep this analysis. *See Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1048 (Ind. Ct. App. 2007) ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.").

Third, the matter now at issue—the constitutionality of the Republican Party's procedures and the alleged conspiracy between Mr. Kesvormas and the Board—was determined or could have been determined by the Indiana state court. *See Stevens v. Ind. Dep't of Public Welfare*, 566 N.E.2d 544, 547 (Ind. Ct. App. 1991) (plaintiff may file a § 1983 claim with a review of an administrative decision); *see*

---

[1] The Starke Circuit Court held as follows:

> The Court now finds, based upon a careful consideration of the arguments and lack of any evidence to the contrary, that the actions of the Starke County Election Board ordering Thomas DeCola stricken from the ballot, were legal and neither arbitrary or capricious; nor unsupported by substantial evidence.

(ECF 19-1 at 2).

*also Hondo, Inc. v. Sterling*, 21 F.3d 775, 779 (7th Cir. 1994) ("res judicata principles would seem to preclude a § 1983 action which is not brought along with a judicial challenge" to an administrative decision). In the state court proceedings, Mr. DeCola requested review of the Board's decision to remove his name from the ballots and requested reinstatement of his candidacy. Here, he asserts claims under 42 U.S.C. § 1983 for reinstatement through a special election and conspiracy claims, all of which stem from the Board's decision to remove his name from the ballots. These claims were or could have been brought in the state court proceedings.

Fourth, the controversy in the state court was adjudicated between the same parties to the present suit—that is, Mr. DeCola and the Board.

An exception to *res judicata* applies when a plaintiff "did not have a full and fair opportunity to litigate his claim in state court." *Hicks*, 479 F.3d at 471. The doctrine applies "so long as the state court proceedings complied with the minimum procedural requirements of the Due Process Clause." *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002). Mr. DeCola's allegation that the Board's decision to remove him from the ballot was unconstitutional doesn't fall within this exception because it doesn't challenge the state court's proceedings, but the Board's proceedings. Because his claims against the Board are barred by *res judicata*, his conspiracy claim involving the Board and Mr. Kesvormas must also be denied on the alternative ground that there was no underlying violation of his constitutional rights. *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).

Mr. DeCola also claims the Indiana judiciary conspired to deprive him of his due process rights, but bare allegations of a conspiracy are insufficient to state a plausible conspiracy claim or to withstand a motion to dismiss. *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). Accordingly, this claim doesn't give life to his complaint.

The court should ordinarily grant leave to amend following a Rule 12(b)(6) dismissal unless "it is clear that the defect cannot be corrected so that amendment is futile." *Runnion v. Girl Scouts of Greater*

*Chi.*, 786 F.3d 510, 519-20 (7th Cir. 2015). The court cannot say that amending this complaint would be futile. Accordingly, the court grants Mr. DeCola leave to amend his complaint only if he believes he can address the deficiencies in his claims as outlined in this order.

## CONCLUSION

The court GRANTS the Starke County Election Board's motion to dismiss (ECF 18) because Mr. DeCola's claims are barred under *res judicata*. The court DENIES Mr. DeCola's motion to enter final judgment in his favor (ECF 22) because the time to file an answer is tolled by the Board's filing of a motion to dismiss. Fed. R. Civ. P. 12(a)(4). The court GRANTS Mr. DeCola until November 11, 2020 to file an amended complaint so long as consistent with this order.

SO ORDERED.

October 21, 2020                             *s/ Damon R. Leichty*
                                             Judge, United States District Court