UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS DECOLA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-409 DRL-MGG |
| STARKE COUNTY ELECTION BOARD, | |
| Defendant. | |

OPINION & ORDER

On October 21, 2020, the court granted Starke County Election Board's motion to dismiss Thomas DeCola's complaint because his claims were barred by *res judicata* but granted him leave to amend. Mr. DeCola filed an amended complaint. The Starke County Election Board moves once again to dismiss it. The court grants the motion.

Mr. DeCola's amended complaint is nearly identical to his previous one. He asserts the same claims and factual allegations against the same parties. He moves to add additional parties; but, even if the court granted the motion, each of these parties were in privity or were sued in the state court proceedings, so this doesn't get him around the *res judicata* bar here. *See MicroVote Gen. Corp. v. Ind. Election Commission*, 924 N.E.2d 184, 196 (Ind. Ct. App. 2010). For the same reasons in its prior opinion (ECF 24), the court must dismiss his complaint here because of *res judicata*.

Mr. DeCola's amended complaint, construed liberally, may also be interpreted in part as a motion for reconsideration, as he argues against the court's prior ruling (ECF 24). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To the extent his motion is so interpreted, the court denies it. The authorities he cites—*Stevens* and *Hondo*—both say a plaintiff who has exhausted his administrative remedies, as Mr. DeCola did, can and should join any § 1983 claim with his claim for judicial review of the administrative decision. *See Stevens v. Ind. Dep't of Pub. Welfare*, 566 N.E.2d 544, 547 (Ind. Ct. App.

1991); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 779 (7th Cir. 1994) ("In fact, res judicata principles would seem to preclude a § 1983 action which is not brought along with a judicial challenge to an auditor's decision."). That Mr. DeCola filed an emergency injunction here doesn't change the fact that he should have brought his § 1983 claim in the original suit.[1] He has not shown any manifest error of law or fact to justify reconsideration or a different ruling.

Further amendment would be futile as evinced by the complaint's deficiency even after the court's warnings. *See Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 520 (7th Cir. 2015). The court denies Mr. DeCola any further leave to amend.

Accordingly, the court GRANTS Starke County Election Board's motion to dismiss for failure to state a claim (ECF 29), DENIES as MOOT both Thomas DeCola's motions to join additional parties (ECF 27) and for oral argument (ECF 32), and DIRECTS the clerk to enter judgment for the Starke County Election Board. This order terminates the case.

SO ORDERED.

January 7, 2021                                *s/ Damon R. Leichty*
                                               Judge, United States District Court

---

[1] The court notes for the record that it stated before the "better than negligible" standard in its preliminary injunction order rather than the new "strong showing" standard (*see* ECF 9 at 4). *See Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008); *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020). This is of no moment to Mr. DeCola because this higher standard only strengthens the court's prior decision.