UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS DECOLA, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-409 DRL-MGG |
| STARKE COUNTY ELECTION BOARD, | |
| Defendant. | |

OPINION & ORDER

Thomas DeCola moves *pro se* to reconsider the court's dismissal of his complaint for failure to state a claim (*see* ECF 35), though at times he also includes what seems to be requests to reconsider the court's preliminary injunction ruling (*see* ECF 9).[1] He moved within 28 days of the court's entry of judgment (ECF 36), so the court analyzes his motion under Federal Rule of Civil Procedure 59(e). *See Banister v. Davis*, 140 S. Ct. 1698, 1710 n.9 (2020). Absent new evidence, he must show that the court "committed a manifest error of law or fact." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). A manifest error means a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Mr. DeCola rehashes many arguments this court has already rejected with a few additional ones sprinkled on top. Though the court could reject the rehashed arguments outright, *see Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000), it will address them all for clarity. The court rejects Mr. DeCola's first recycled argument that it erred in concluding that *res judicata* applies here. As this court has already said, Indiana has four elements for *res judicata*: (1) a judgment from a court of competent

---

[1] Mr. DeCola labels his motion as one for a new trial, but no trial occurred here. Construing his motions broadly, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court interprets this as a motion to reconsider.

jurisdiction; (2) a matter that was or could have been determined in the former suit; (3) the controversy in the former suit was between the same parties; and (4) the judgment in the former suit was on the merits. *MicroVote Gen. Corp. v. Ind. Election Comm.*, 924 N.E.2d 184, 191 (Ind. Ct. App. 2010). The court reaffirms that all four elements are satisfied here, though Mr. DeCola seems to argue now that the second element isn't met.

He relies on *Van Harken v. City of Chicago*, 103 F.3d 1346, 1349 (7th Cir. 1997), to argue that his 42 U.S.C. § 1983 claim needn't be brought while appealing the Election Board's decision in state court for it to be brought later in federal court. But he misreads *Van Harken*. *Van Harken* says a losing litigant in a state administrative proceeding could sue for a constitutional violation under § 1983 directly in federal court without being barred by the *Rooker-Feldman* doctrine *if* he didn't first appeal the administrative decision in the state courts. *See Van Harken*, 103 F.3d at 1349 (noting that the decision addresses litigants who "bypass the appellate remedy that the state has provided in its own courts by filing an action in federal district court instead"). *Van Harken* clarifies that the *Rooker-Feldman* doctrine applies only to judicial proceedings, not administrative ones. *Id.* at 1348.

Unlike here, that case didn't address *res judicata*. That matters because the law doesn't treat *res judicata* and the *Rooker-Feldman* doctrine as the same. *Van Harken* thus does nothing more for Mr. DeCola than show him another path he could've taken for his § 1983 claim—to file directly in federal court while bypassing the state appellate process. He didn't do that, so that option is closed. Even then, *Van Harken* doesn't say he couldn't have brought his § 1983 claim in his state court appeal, so it doesn't help him get around that element of *res judicata*.

This circuit's opinion in *Hondo, Inc. v. Sterling*, 21 F.3d 775 (7th Cir. 1994), is more analogous to the facts here. *Hondo* explains that § 1983 claims may be joined in Indiana state court with appeals of administrative decisions. *Hondo*, 21 F.3d at 779 (citing *Stevens v. Dep't of Public Welfare*, 566 N.E.2d 544, 547 (Ind. Ct. App. 1991)). The case suggests that Indiana *res judicata* principles would bar a § 1983

claim not brought in the administrative judicial appeal because it would satisfy the second element of the analysis. *See id.* ("In fact, res judicata principles would seem to preclude a § 1983 action which is not brought along with a judicial challenge to an auditor's decision."). The court's result here is consistent with *Hondo*'s viewpoint.

*Van Harken* and *Hondo* applied together show that a litigant who loses in an administrative proceeding but wishes to assert a § 1983 claim regarding the proceeding has two options. He can either appeal the administrative decision in state court and bring his § 1983 claim with it, as explained in *Hondo*, 21 F.3d at 779; or he may bypass the state courts and bring his § 1983 claim directly in federal court, as explained in *Van Harken*, 103 F.3d at 1349. But if he chooses to appeal the administrative decision in state court without bringing a § 1983 claim, he is barred from bringing that later under *res judicata*, assuming the other three elements of *res judicata* are met. *Hondo*, 21 F.3d at 779. That is precisely what Mr. DeCola did here.

After the election board's decision—an administrative agency—left him disappointed, Mr. DeCola appealed to the Indiana courts. He could have brought the § 1983 claim in that appeal; otherwise it would be barred later by *res judicata. Hondo*, 21 F.3d at 779. He didn't. He could have initially skipped the state appeals and brought a § 1983 claim directly to this court, but he didn't. That he now regrets his decision or misunderstood the law won't save him now.

Mr. DeCola then pivots and says the facts here fall under an exception to *res judicata*: when a litigant doesn't have a full and fair opportunity to litigate the disputed claim in the previous litigation. *See Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). Litigants are provided a "full and fair opportunity" to litigate their claims when the previous proceedings comply "with the minimum procedural requirements of the Due Process Clause." *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002). That minimum procedural requirement was satisfied here.

Mr. DeCola argues that the state courts failed to comply with the Due Process Clause because they procedurally mishandled his case by improperly applying Indiana state law. Notably absent is any indication about how this would violate federal due process. And he cannot claim that he didn't have a full opportunity to litigate the § 1983 claim in state court simply because it wasn't a federal court: "pursuing the state's judicial remedies does not bridle federal rights because state courts are required not to discriminate against federal issues." *Hondo*, 21 F.3d at 780 (citation omitted).

One additional point of clarification to address an argument made by Mr. DeCola: the court's previous order said Mr. DeCola exhausted his administrative remedies. The record isn't clear on this point, but any error here is harmless. Because he appealed the Election Board's decision to the Indiana courts of general jurisdiction, he could have included his § 1983 claim. *See, e.g.*, *Andrade v. City of Hammond*, 2020 U.S. Dist. LEXIS 39818, 26 (N.D. Ind. Mar. 6, 2020) (Springmann, J.) (holding that plaintiff could have brought his § 1983 claim in his administrative appeal to the Indiana trial court); *Atkins v. Hancock Cnty. Sheriff's Merit Bd.*, 910 F.2d 403, 404 (7th Cir. 1990) ("since the review proceeding had to be filed in a court of general trial jurisdiction, as the Indiana circuit court is, [plaintiff] could have joined with his petition to review the action of the merit board a complaint for violation of his federal civil rights"). And that is enough to trigger the application of *res judicata*, as *Hondo* acknowledges: "In fact, res judicata principles would seem to preclude a § 1983 action which is not brought along with a judicial challenge to an auditor's decision." *Hondo*, 21 F.3d at 779.

His remaining arguments merit little discussion. He says the court erred in denying his motion for a preliminary injunction, but he is wrong because his claim had (and has) no chance of success on the merits because it has been dismissed. He argues that the presiding judge should recuse himself because he lacks expertise in election law, but this isn't a ground for recusal. *See* 28 U.S.C. § 455; *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (*per curiam*). Even then, his remedy is to appeal—not for the judge to recuse. *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 641 (7th Cir. 2002). He says

another case he filed in this district contains facts that warrant reconsideration here, but those alleged facts have no bearing on the court's conclusion here when his claim is barred by *res judicata*.

The court thus DENIES Mr. DeCola's motion for reconsideration (ECF 38) and reaffirms its dismissal of this case (ECF 35) and denial of the preliminary injunction (ECF 9).

SO ORDERED.

April 23, 2021  *s/ Damon R. Leichty*
Judge, United States District Court